UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GREENLIGHT ADVANTAGE GROUP, INC., | Case No. 2:19-CV-02019-RFB-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| KANAPTEC ENTERPRISES, INC.; OLIVIA WILSON; CHAD O'LAUGHLIN; and THOMAS MADDEN, | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Extend Time to Serve Remaining Defendants and to Serve by Publication for Defendants Chad O'Laughlin and Olivia Wilson (ECF Nos. 24 and 25). The Motions are granted.

**DISCUSSION**

A.    Plaintiff's Motion to Extend Time

Courts have broad discretion to extend time for service under Rule 4(m) of the Federal Rules of Civil Procedure. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir.2003). "On its face, Rule 4(m) does not tie the hands of the district court after the 120–day period has expired.  Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120–day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).   The Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments.

Good cause is generally equated with diligence. WRIGHT & MILLER FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1337.  A showing of good cause requires more than simple inadvertence, mistake of counsel or ignorance of the rules. *National Union Fire Ins. Co. v. Monroe*, No. 10–cv–

1

0385, 2011 WL 383807, at *1 (D. Nev. Feb. 2, 2011).  "At a minimum, good cause means excusable

neglect.  A plaintiff may also be required to show the following: (a) the party to be served personally

received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) the plaintiff

would be severely prejudiced if his complaint were dismissed."  *Boudette v. Barnette*, 923 F.2d 754,

756 (9th Cir. 1991).  Plaintiff has satisfied this standard.

B.      Plaintiff's Motion to Serve Defendants by Publication

The Federal Rules of Civil Procedure do not expressly permit service by publication;

however, Rule 4(e)(1) permits a plaintiff to serve a defendant "following state law for serving a

summons in an action brought in courts of general jurisdiction in the state where the district court is

located or where service is made."  The Arizona Rules of Civil Procedure 4.1(l) applies to service

of process by publication upon defendants located within Arizona, and states, in pertinent part, as

follows:

> **(*l*) Service by Publication.**
> (1) *Generally*. A party may serve a person by publication only if:
>> (A) the last-known address of the person to be served is within Arizona but:
>> (i) the serving party, despite reasonably diligent efforts, has been unable to ascertain the person's current address; or
>> (ii) the person to be served has intentionally avoided service of process; and
>> (B) service by publication is the best means practicable in the circumstances for providing the person with notice of the action's commencement.
> (2) *Procedure*.
>> (A) Generally. Service by publication is accomplished by publishing the summons and a statement describing how a copy of the pleading being served may be obtained at least once a week for 4 successive weeks:
>>> (i) in a newspaper published in the county where the action is pending ….
>> (B) Who May Serve. Service by publication may be made by the serving party, its counsel, or anyone authorized under Rule 4(d).
>
> ***
>
>> (D) Effective Date of Service. Service is complete 30 days after the summons and statement is first published in all newspapers where publication is required.
> (3) *Mailing*. If the serving party knows the address of the person being served, it must, on or before the date of first publication, mail to the person the summons and a copy of the pleading being served, postage prepaid.
> (4) *Return*.

1
      (A) Required Affidavit. The party or person making service must
2
      prepare, sign and file an affidavit stating the manner and dates of the
      publication and mailing, and the circumstances warranting service
3
      by publication. If no mailing was made because the serving party
      did not know the current address of the person being served, the
4
      affidavit must state that fact.
      (B) Accompanying Publication. A printed copy of the publication
5
      must accompany the affidavit.
      (C) Effect. An affidavit that complies with these requirements
6
      constitutes prima facie evidence of compliance with the
      requirements for service by publication.

7 Here, Plaintiff has demonstrated a diligent effort to serve Defendants Wilson and O'Laughlin. ECF

8 No. 24 at 4–5. Plaintiff also satisfies the Court that Defendants Wilson and O'Laughlin are

9 intentionally avoiding service of process. *Id.* Plaintiff demonstrates why service by publication is

10 the best means practicable in the circumstances for providing these putative defendants with notice

11 of Plaintiff's Complaint.

12 **ORDER**

13     Based on the filings in this matter and the facts presented by Plaintiff in its Motion,

14     IT IS HEREBY ORDERED that Plaintiff's Motion to Extend Time to Serve Remaining

15 Defendants and to Serve by Publication for Defendants Chad O'Laughlin and Olivia Wilson (ECF

16 No. 24 and 25) are GRANTED.

17     IT IS FURTHER ORDERED that Plaintiff has an additional 60 days, up to and including

18 May 27, 2020 to demonstrate service was perfected as to Kanaptec Enterprises.

19     IT IS FURTHER ORDERED that Plaintiff has an additional 90 days, up to and including

20 June 27, 2020, to complete the service of the Summons and Complaint by publication in accordance

21 with Arizona rules pertaining to such service.

22     IT IS FURTHER ORDERED that service of the Summons and Complaint in this action be

23 made upon Olivia Wilson and Chad O'Laughlin by publication of the Summons in a newspaper of

24 general circulation in these defendants last known address (Scottsdale, Arizona) and in the Las

25 Vegas Review–Journal, a newspaper of general circulation in Las Vegas, Nevada, where this matter

26 is currently pending. Said publication shall run once per week for four consecutive weeks. The

27 service of the Summons and Complaint shall be deemed complete upon the expiration of 30 days

28 from the date of the first publication.

1    IT IS FURTHER ORDERED that Plaintiff shall serve a copy of the Summons and Complaint
2    to Olivia Wilson and Chad O'Laughlin via U.S. Mail to the last known address as follows: 8613 E.
3    Artisan Pass., Scottsdale, AZ 85266.  Such service shall occur on or before the date of first
4    publication.
5    IT IS FURTHER ORDERED that the return shall be filed promptly after service by
6    publication is completed.
7
8    DATED:  March 27, 2020
9
10
11   _____
12   ELAYNA J. YOUCHAH
     UNITED STATES MAGISTRATE JUDGE
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4